HIRAM JACOBS, TREASURER, vs. JOHN C. REILLY ET AL.

Third Judicial District, Bridgeport, October Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, JS.

Chapter 99 of the Public Acts of 1903 provides that if the court before which a liquor seller is convicted of his first offense shall be of the opinion that his license ought not to be revoked nor his bond forfeited, the judge thereof may file a certificate to that effect, and thereby prevent the conviction from working such revocation and forfeiture. *Held* that the court, having decided at the time of conviction to issue the certificate provided certain changes were made in the saloon premises, had the power to postpone for a reasonable time its final determination of that question to await the completion of such changes; and that a certificate then issued was effective to prevent the revocation and forfeiture, notwithstanding a suit upon the bond was then pending.

A proceeding for a correction of the finding, under General Statutes, § 795, is defective unless it appears that a motion for the corrections or additions desired was made to the trial judge.

An application to this court to correct a finding, under § 797, should present the claims for correction in the assignment of errors.

Argued October 22d—decided December 17th, 1907.

ACTION against the principal and surety to recover the amount of a liquor-license bond, brought to the Court of Common Pleas in New Haven County where a demurrer to the answer was overruled (*Bennett, J.*) and the cause was afterward tried to the court, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged error in the rulings of the trial court. *No error.*

*Charles C. Ford*, for the appellant (plaintiff).

*Robert L. Munyer*, for the appellee (defendant Reilly).

HALL, J.   This suit was instituted on the 12th of January, 1907, by the treasurer of New Haven county, under § 2661 of the General Statutes and chapter 99 of the Public Acts of 1903, against the principal and surety of a liquor-license bond, upon the ground that the bond became forfeited by the conviction of the defendant Reilly, on the 31st of December, 1906, before the City Court of Ansonia, of a violation of the law respecting the sale of spirituous and intoxicating liquors.

The substance of the answer to the complaint is that the bond was not forfeited, inasmuch as the alleged conviction was a first one, and the presiding judge of said City Court certified, in accordance with the provisions of chapter 99 of the Public Acts of 1903, that he was of the opinion that the license bond should not be forfeited.

The question raised by the plaintiff's demurrer to the answer is substantially the same as that presented by his claim of law upon the trial of the issues framed by his reply.   That claim, in substance, was that the judge before whom Reilly was convicted had no power to issue the al-

leged certificate, since it was not issued upon the convic-
tion of Reilly on the 31st of December, 1906, the date of
Reilly's conviction, but on the 18th of January, 1907, with-
out said criminal cause having been adjourned to any defi-
nite time, and after a copy of the record of conviction had
been sent to the plaintiff, and after the present action had
been commenced.

These statutory provisions are pertinent to the question
presented: General Statutes, § 2661, provides that " . . .
whenever a person so licensed shall be convicted of a
violation of any of the provisions of the law relating to the
sale of spirituous and intoxicating liquors, and no appeal
is pending, said bond shall thereupon become forfeited, and
the treasurer of said county shall in his own name institute
suit upon said bond for the benefit of said county."   Chap-
ter 99 of the Public Acts of 1903 contains this language:
" . . . provided, that if, upon a first conviction for the
violation of any of the laws respecting the sale of spirituous
and intoxicating liquors, the court shall be of the opinion
that the license of the person so convicted should not be
revoked and that the bond given upon granting his license
should not be forfeited, the judge or justice of the peace
holding the court wherein such conviction is had may so
certify in writing, which certificate shall be filed with and
made part of the record, and thereupon such conviction
shall not be the basis of a suit upon such bond or proceed-
ings for the revocation of such license; . . . but in the
absence of such certificate . . . the license shall be revoked
and the bond forfeited in the manner now provided by
law. . . .   And in all cases where a conviction or other
disposition of a prosecution renders the bond liable to be
forfeited and the license to be revoked, the justice or clerk
of the court shall forthwith mail a copy of the judgment to
the county treasurer. . . ."

The Court of Common Pleas has found that this was a
first conviction; that at the time of the conviction on the
31st of December, 1906, the City Court was of the opinion
that Reilly's license should not be revoked and that his

bond should not be forfeited; that the judge of the City Court then decided that a certificate should be issued certifying such opinion, pursuant to the provisions of chapter 99 of the Public Acts of 1903, but that the certificate should not be issued until certain changes were made upon the premises upon which the saloon was situated; that the judge of the City Court so informed Reilly, who said that he would make the required changes as soon as practicable; that upon the 4th of January, 1907, the clerk of the City Court, supposing no certificate was to be issued, sent the record of conviction to the plaintiff, who on the 12th of said January commenced this action; that on the 18th of said January, and as soon as practicable, Reilly made the required changes, and so informed the judge, who on that day issued the said certificate and caused it to be then filed and made a part of the record in the criminal case, and forwarded a copy of it to the plaintiff.

Upon these facts the trial court properly rendered judgment for the defendant. The statute does not require the written certificate to be issued at the time or on the day of such first conviction. If at the time of the conviction the court is of the opinion that the license of the accused should not be revoked, and that his license bond should not be forfeited, and the judge decides to so certify in writing, the written certificate may lawfully be prepared and filed on a later day. It is true that such are not quite the facts in the present case. The finding is, in effect, that on the 31st of December the judge considered the matter of whether he would issue the certificate; that he did not then decide absolutely that he would or that he would not, but decided that if certain changes in the saloon premises were made within a reasonable time he would then issue it, and if they were not he would then refuse to issue it; and the judge so informed the accused. In other words, as we interpret the facts found, the court held for determination at a future time, namely, until the lapse of a reasonable time for making the changes, the question of whether or not a certificate would be issued. When that

Jacobs v. Reilly.

time had elapsed, on the 18th of January, and the judge had ascertained that the changes had been made, he issued the certificate in accordance with his conditional decision of December 31st. The court had the power to so postpone its final determination of said question, even if its decision is to be regarded as in the nature of a judgment.

The statute does not require a copy of the record of judgment to be sent to the treasurer when, upon a first conviction, a certificate has been or is to be issued, but only when it has not been and is not to be issued. The court having on the 31st of December postponed the decision of the question of issuing a certificate, it was a mistake—evidently resulting from a misunderstanding between the judge and the clerk of the City Court—to send the copy of the record of conviction to the treasurer on the 4th of January. But no such injury to third parties has resulted therefrom as should deprive the defendant of the benefit of the certificate issued on the 18th.

The proceeding for a correction of the finding is irregular. It is apparently intended as an appeal to this court, under General Statutes, § 795, from the finding or refusal to find certain facts as requested in the trial court. We find in the record a draft-finding, exceptions, requests for a certification of the evidence contained in an attached exhibit, such exhibit certified by the trial judge, and, in the assignment of errors, appeals from the findings and refusals to find the facts referred to in the draft-finding. As a proceeding under § 795 it is defective, from the absence of a motion to correct in the trial court. Apparently it was not intended as an application for a correction of the finding under § 797, but even if it were treated as such an application, it would have to be denied.

There is no error.

In this opinion the other judges concurred.